Submitted on briefs at Pendleton October 31, affirmed November 29, 1921.

## HENRICKSEN *v.* CLARK et al.

### (201 Pac. 1071.)

**Waters and Watercourses—Notice of Contest Held Sufficient, Though Directed to Officers of Irrigation District as Individuals Instead of by Official Titles.**

1. A notice of contest, in a proceeding under Section 7334, Or. L., to contest the election of directors of an irrigation district, though directed to them individually without the addition of their official titles, *held* sufficient as against a demurrer on the ground of a defect of parties, where the notice, which, in such a proceeding, performs the function of a complaint, when taken altogether and construed liberally, as required by Section 85, Or. L., disclosed no attempt to assert a cause of contest against defendants in any other capacity than as directors.

Waters and Watercourses—Candidates in Irrigation District Elections Need not be Nominated to be Voted for.

2. It is not mandatory in irrigation district elections that a candidate be properly nominated by petition or an assembly of electors in order to be voted for, though, to get his name on the official ticket prepared by the election authorities, such nomination is requisite; the voter having the right to vote for whom he chooses for any office.

Elections—Canvassing Board cannot Determine Elected Candidate's Eligibility to Hold Office.

3. A canvassing board, the sole duty of which is to count the ballots and issue a certificate reciting what those ballots disclose, has no jurisdiction to raise issues in the nature of *quo warranto* and determine the eligibility of an elected candidate to hold the office to which he has been elected.

From Morrow: GILBERT W. PHELPS, Judge.

In Banc.

According to the statement in the defendants' brief, this is a proceeding brought under Section 7334, Or. L., by the plaintiff Henricksen, to contest the election of the defendants Clark and Reitmann as directors of the John Day Irrigation District.

The cause is entitled, "A. L. Henricksen, Plaintiff, *v.* Clay C. Clark, Edward Reitmann and M. D. Clark, Defendants." The notice of contest was directed to the defendants in their proper names without the addition of the official title of "directors of the John Day Irrigation District," although in the body of the notice it is particularly alleged that they are the directors of the district. That document sets out with great particularity that at the election held to choose successors to the defendants Reitmann and Clay C. Clark, the voters wrote in the names of Arthur Wheelhouse for the three-years term and C. A. Minor for the one-year term, on the blank lines left on the ballot, in sufficient numbers to give Wheelhouse and Minor a majority of all the votes cast for the respective directorships.

The defendants filed a demurrer against the notice of contest, asserting, ''that there is a defect of parties defendant in the following respect, to wit: Clay C. Clark, M. D. Clark and Edward Reitmann are not made parties defendant as directors of the John Day Irrigation District''; and second, ''that the complaint does not state facts sufficient to constitute a cause of action or suit for the reason it is not alleged in said complaint that the said C. A. Minor and Arthur Wheelhouse were nominated, as required by law, for the offices of directors of the said John Day Irrigation District.''

The trial court overruled the demurrer and the defendants did not appear further. From the consequent judgment declaring Wheelhouse to be elected director for the three-year term and Minor for the one-year term, the defendants have appealed.

AFFIRMED.

For appellants there was a brief over the names of *Mr. F. A. McMenamin* and *Mr. A. J. Fritz.*

For respondent there was a brief over the names of *Mr. Sam E. Van Vactor* and *Messrs. Woodson & Sweek.*

BURNETT, C. J.—1. The demurrer calls for a construction of the notice of contest which in this proceeding performs the function of a complaint. In this connection we are governed by Section 85, Or. L., reading thus:

''In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties.''

Taking the paper altogether, it is clear that there is no attempt to assert a cause of contest against the defendants in any other capacity than as directors. To institute a contest against private parties wholly disconnected with the district would be utterly futile and ineffectual. But the notice discloses that only the conduct of the defendants as directors is called in question. The complaint is sufficient as against the objection that there is a defect of parties.

2. It is not necessary that a candidate be nominated for any office under the election system of this state, in order to receive the votes of electors at the free elections prescribed by our Constitution. In order to get his name on the official ticket prepared by the election authorities it is requisite that a candidate be properly nominated by a petition or an assembly of electors. But this is only permissive. It is not mandatory in irrigation district elections. The voter has a right to vote for whom he chooses for any office.

3. Moreover, the sole duty of a canvassing board is to count the ballots and issue a certificate reciting what those ballots disclose. Such a board has no jurisdiction to raise issues in the nature of *quo warranto* and determine the eligibility of an elected candidate to hold the office to which he has been elected.

These considerations dispose of all the issues of law which were raised by the demurrer. They were correctly decided by the Circuit Court. The judgment is affirmed.                    AFFIRMED.